IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB GIDDINGS §<br>§<br>  PLAINTIFF §<br>§<br>v. §<br>§<br>THE CITY OF PHILADELPHIA; and §<br>OFFICER TYREE BURNETT. §<br>§<br>  DEFENDANTS § | Civil Action No. 21-4206 |

## **PLAINTIFF JACOB GIDDINGS' RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff, Jacob Giddings, by and through undersigned counsel, responds to the Court's February 21, 2023 Order, which orders the Plaintiff to "show cause why the case should not be dismissed against Burnett for failure to prosecute." Plaintiff offers this Response to the Order and in support thereof, avers as follows:

**INTRODUCTION AND FACTS**

On March 23, 2021 at approximately 10:00 p.m., Plaintiff Jacob Giddings drove his truck to the gas station at the corner of Champlost Street and Front Street in Philadelphia to get fuel, with a passenger in his vehicle. Plaintiff exited his vehicle and went into the convenience store to prepay for fuel and then returned to pump gas. While the Plaintiff was outside of his vehicle, Defendant Officer Burnett also showed up on the scene and allegedly ran the Plaintiff's tags. This allegedly showed that Plaintiff had a warrant out for his arrest, of which Plaintiff was not aware. As Plaintiff prepared to leave the gas station, Defendant Burnett approached Plaintiff's vehicle and asked him, "You got I.D. on you boss?" to which Plaintiff replied, "Do I need I.D.?" Plaintiff was told to step out of his vehicle and he asked, "Can I ask what this is about" but he received no response.

At that point, Defendant Burnett began to assault and threaten Plaintiff by first saying, "Yo, you like five seconds from being pulled out of this vehicle, boss. You about to be like five seconds from being pulled from this vehicle. Step out the vehicle." When another officer arrived on the scene, Defendant Burnett said, "Yo, I'm about to tase him, yo." Burnett continued grabbing Plaintiff by the arm, pant leg, and waistband and yanked the Plaintiff toward the door. Burnett pulled the Plaintiff so hard he ripped his shirt. Plaintiff continued to plead with Burnett to get a supervisor, offering to leave the vehicle if he simply called someone else to the scene.

During the scuffle, Defendant Burnett got control of the Plaintiff's mobile phone device and threw it to the ground trying to destroy it. Burnett then grabbed plaintiff by the leather belt and pulled him so severely and harshly that the leather belt snapped. Defendant cuffed one of Plaintiff's hands then began to yank on the cuffed arm, like a rip cord, causing serious injury to the Plaintiff. Finally, another officer intervened and safely let Plaintiff exit the vehicle.

In the ensuing minutes, Plaintiff Burnett searched Plaintiff's vehicle unlawfully. He then moved the Plaintiff's vehicle without any supervision. While moving the vehicle, Defendant Burnett tried to destroy the Plaintiff's phone by running over it with the Plaintiff's vehicle. When that did not work, Officer Burnett accessed the phone, opened up the videos, and attempted to delete the video.

**PROCEDURAL HISTORY**

Plaintiff filed suit and on September 14, 2021 in the Court of Common Pleas of Philadelphia. **Plaintiff served Officer Tyree Burnett with the Complaint and summons at 2401 Diamond Street, Philadelphia, Commonwealth of Pennsylvania 19121 by and through an adult resident of his household.** A copy of this affidavit of service has now been filed with this Honorable Court. See a copy of the affidavit of service on Defendant Burnett as Exhibit "A."

Following the filing and service of the Complaint upon the Defendants, Defendants then removed the matter to this Honorable Court.

Thereafter, On October 1, 2021, Defendant Burnett, by and through his counsel, filed an answer with affirmative defenses to Plaintiff's Complaint. On the same date, counsel also filed a motion to dismiss on behalf of the City.

On October 22, 2021, Plaintiff filed an Amended Complaint in this matter. On November 8, 2021, Defendant filed a second motion to dismiss on behalf of the City. On November 24, 2021, Plaintiff filed a response in opposition to the motion. On May 10, 2022, Plaintiff's response was stricken without prejudice. A revised response was thereafter filed by Plaintiff on May 12, 2022.

On May 18, 2022, this Honorable Court entered an Order ruling in favor of Plaintiff and permitting the matter to move forward. Immediately thereafter, Counsel for the Defendants moved to withdraw as counsel for Defendant Burnett. On July 15, 2022, this Honorable Court permitted counsel to withdraw as counsel.

On April 29, 2022, Attorney Katelyn Mays filed her appearance on behalf of both the Defendant City and Defendant Burnett.

On June 1, 2022, Katelyn Mays, who had previously entered her appearance on behalf of the City of Philadelphia and Tyree Burnett, filed a motion to withdraw her appearance, citing a conflict. Plaintiff did not oppose the motion and on July 15, 2022, the Court entered an Order granting counsel's withdrawal on behalf of Defendant Burnett and requiring him to response to the Amended Complaint on or before August 12, 2022.

Defendant Burnett, now pro se, did not file a response to the Amended Complaint, and thereafter, on October 26, 2022, this Honorable Court issued a second Order stating that because

it appeared service was accepted on behalf of Burnett through the City, "Plaintiff shall serve Burnett with his Amended Complaint (ECF 5) according to the Federal Rules of Civil Procedure." ECF 18.

**SERVICE OF THE AMENDED COMPLAINT UNDER FRCP 5(a)(2)**

Pursuant to Exhibit "A.," as original service of the first Complaint has been made upon the Defendant Burnett at his household, and that the Amended Complaint as it pertains to Defendant Burnett does not assert a new claim for relief under FRCP 5(a)(2), Plaintiff has attached certificates of mailing to four (4) addresses believed to be the last known and possible current residence of Defendant Burnett. These attempts would constitute service of the Amended Complaint under Rule 5(b)(2)(C). It is believed and averred that this meets the requirements of the Court's Order of October 26,2022. See correspondence with certificates of mailing attached collectively as Exhibit "B."

However, in the event that the Court is requiring original service of the Amended Complaint, Plaintiff has made various attempts at in person service as set forth in more detail below and respectfully requests that the Amended Complaint as to Defendant Burnett not be stricken.

**ATTEMPTS AT ORIGINAL SERVICE OF THE AMENDED COMPLAINT**

In addition to original service of the original Complaint at Defendant Burnett's residence, Plaintiff attempted to serve Defendant Burnett with the Amended Complaint and summons at each residence of which Plaintiff believed and averred could be his most recent residence. The following efforts were undertaken to serve Defendant Burnett:

On October 26, 2022, counsel for the City provided two possible addresses for Defendant Burnett: 308 E. Ashdale Street, Philadelphia PA 19120 and 2629 N. 33rd Street, Floor 1, Philadelphia PA 19132. See a true and correct copy of counsel's email attached as Exhibit "C."

On November 17, 2022 at 12:44 EST Plaintiff's process server attempted to serve Defendant Burnett at 2629 N 33rd Street, Floor 1, Philadelphia, Pennsylvania 19132. There was no answer at the door of this address. See attempts at service attached collectively as Exhibit "D."

On November 22, 2022 at 5:45 p.m. EST Plaintiff's process server attempted to serve Defendant Burnett at 308 E. Ashdale Street, Philadelphia, Pennsylvania 19120. There was no answer at the door of this address. Id.

On December 2, 2022 at 11:44 a.m. EST Plaintiff's process server again attempted to serve Defendant Burnett at 308 E. Ashdale Street, Philadelphia, Pennsylvania 19120. The process server could see residents in the home, but they refused to come to the door. Id.

On December 11, 2022 at 12:24 p.m. EST Plaintiff's process server attempted for a third time to serve Defendant Burnett at 308 E. Ashdale Street, Philadelphia, Pennsylvania 19120. There was no answer at the door of this address. Id.

On December 23, 2022 Plaintiff attempted to serve Defendant Burnett at 308 E. Ashdale Street, Philadelphia, Pennsylvania 19120 for a fourth time to serve Defendant Burnett at 308 E Ashdale Street, Philadelphia, Pennsylvania 19120. There was no answer at the door of this address. Id.

On February 6, 2023, Plaintiff sent four (4) FOIA requests to the Postmaster for the North Philadelphia Post Office requesting confirmation of the address for Defendant Tyree Burnett - but to date has not receive a response. See FOIA letters collectively as Exhibit "E."

On February 23, 2023, Plaintiff sent out the Amended Complaint to be served on the Defendant at a 2401 Diamond Street, Philadelphia, Pennsylvania 19121 address. As of the time of this filing, there has been no response.

It is believed and averred that Defendant Burnett is intentionally avoiding original service in this case by not answering the door and instructing others not to do so as well. If the most recent attempt at service is unsuccessful, and the Court deems original service is required, Plaintiff will rely upon his motion for alternative service.

**CONCLUSION**

It is believed that Plaintiff has complied with the law and this Honorable Court's Order of October 26, 2022. In the event that the Court requires personal service of the Amended Complaint and said service is not accomplished by Plaintiff's process server at the fourth location Plaintiff has attempted, Plaintiff relies upon a motion for alternative service being filed concurrently with this response. For the reasons set forth above, Plaintiff respectfully requests that this Honorable Court withdraw its Rule – and either order that the Federal Rules regarding service have been satisfied – or permit Plaintiff to serve Defendant Burnett by alternate means if the attempt at the Diamond Street address is unsuccessful for reasons set forth more fully in Plaintiff's motion for alternative service.

In either event, the prejudice to Defendant Burnett, if any, is de minimis but the prejudice to Plaintiff should his case against Defendant Burnett be stricken, would be catastrophic.

                                                Respectfully submitted,

                                                **MILLS & EDWARDS, LLP**

02/27/2023                                 */s/ Christopher P. Kristofco*
Date                                          Christopher P. Kristofco
                                            Pa. Attorney I.D. No. 200880
                                            107 Chesley Drive, Suite 5A

Media, PA 19063
(484) 843-1554
chris@melawpa.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB GIDDINGS | § § | |
| PLAINTIFF | § § | |
| v. | § § | Civil Action No. 21-4206 |
| THE CITY OF PHILADELPHIA; and OFFICER TYREE BURNETT. | § § § | |
| DEFENDANTS | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Response to the Court's Order to Show Cause has been filed electronically and is available for viewing and downloading.

**MILLS & EDWARDS, LLP**

02/27/2023
Date

/s/ *Christopher P. Kristofco*
Christopher P. Kristofco
Pa. Attorney I.D. No. 200880
107 Chesley Drive, Suite 5A
Media, PA 19063
(484) 843-1554
chris@melawpa.com