IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB GIDDINGS, *Plaintiff,* v. CITY OF PHILADELPHIA, et al., *Defendants.* | CIVIL ACTION NO. 21-4206 |

## ORDER

**AND NOW**, this 12th day of June 2023, upon consideration of Giddings's Motion for Alternative Service of Process (ECF 24), it is hereby **ORDERED** that the Motion is **GRANTED**.[1] Giddings is permitted to serve Defendant Burnett by mailing a copy of the Summons and Verified Complaint, postage paid, first class and certified mail,

---

[1] Giddings moves under Fed. R. Civ. P. 4(e) to serve Defendant Burnett via mail pursuant to Pennsylvania Rule of Civil Procedure 430(a). Rule 430(a) provides that "if service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430(a). Here, after a series of unsuccessful attempts to serve Burnett at multiple addresses, Giddings requests leave to serve him via postage prepaid, first class and certified mail, return service requested.

Under Pa. R. Civ. P. 430(a), there are three steps required for a Plaintiff to make alternate service: the plaintiff must (1) make a good faith effort to locate the person to be served; (2) undertake practical efforts to serve the defendant under the circumstances; and (3) show that the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against him. *See Calabro v. Leiner*, 464 F. Supp. 2d. 470, 472 (E.D. Pa. 2006).

First, Giddings has made a good faith effort to find Burnett. Giddings attempted to serve Burnett at three last known or potential addresses, made a FOIA request to the postmaster for any listed new addresses, and conferred with opposing counsel representing the City, Burnett's employer, for its records. (Mot. 6.) Second, Giddings has made practical efforts to effect service. Service was attempted on six different occasions, at different times of day, across three known addresses. (Mot. 4–6.) At times, residents were present but refused to come to the door. (*Id*. at 5.) Third, this approach is reasonably calculated to provide the defendant with notice of the action. Burnett himself was served with the initial Complaint and his counsel at the time, who has since withdrawn, was served with the Amended Complaint. The Court then required Burnett, newly *pro se*, be served again on October 26, 2022, since he was not personally served with the Amended Complaint. (ECF 18). Giddings proposes to serve Burnett at his Diamond Street address, where he was successfully served the initial Complaint. (Mot 7.) Because the East Ashdale Street address was provided to Giddings by the City, and Giddings reports people inside refused to come to the door during one attempt at service, the Court grants Giddings's request, but requires service also be made at the East Ashdale Street address.

return receipt requested, to 2401 Diamond Street, Philadelphia, Pennsylvania 19121 and 308 E. Ashdale Street, Philadelphia, Pennsylvania 19120.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
